SCHMIEG, HUNGATE & KOTZIAN, INC., PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54683.   Promulgated December 15, 1932.

*Henry Brach, C. P. A.,* for the petitioner.
*F. B. Schlosser, Esq.,* for the respondent.

338

OPINION.

BLACK: In a recomputation of the deficiency, effect should be given to the stipulation of the parties that petitioner is entitled to an additional depreciation deduction of $174.82 for 1928, and a deduction for amortization of improvements to leased premises in the amount of $828.96.

The remaining question involved in this proceeding may be stated thus—Where a partnership composed of two members transfers all of its assets to a corporation for all of its capital stock, both common and preferred, under the circumstances detailed in our findings of fact, is the basis for determination of the depreciation of the assets received by the corporation limited to the cost to the partnership?

It is the contention of the respondent that the transactions outlined in our findings of fact, by which the petitioner acquired the assets of the partnership, constitute a nontaxable exchange within the meaning of section 112 (b) (5) of the Revenue Act of 1928. If this contention is true, then, under the express provisions of sections 114 (a) and 113 (a) (8) of the Revenue Act of 1928, the basis for the

determination of the depreciation allowance is the cost to the partnership. *Barron Bros., Inc.*, 26 B. T. A. 304.

The petitioner, because of the oral agreement made between Hungate and the two partners of Schmieg and Company, in 1923, prior to the organization of the corporation, maintains that the transaction is not a nontaxable exchange, since the element of control, as defined by section 112 (j) is not present. The question, therefore, resolves itself into whether or not the transaction was a nontaxable exchange, and that depends upon a construction of the meaning of section 112 (j). It reads:

(j) *Definition of control.*—As used in this section the term "control" means the ownership of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

Now it is admitted by petitioner that Schmieg and Kotzian owned all the preferred stock and two-thirds of the common stock of petitioner, but petitioner contends that Hungate was the owner of the other one-third of the common stock, although it was not held in his name. If petitioner has met the burden of proof and shown that Hungate, immediately after the transfer of partnership assets from the partnership of Schmieg and Company to the corporation, Schmieg, Hungate and Kotzian, Inc., was the owner of one-third of petitioner's common stock within the meaning of the above quoted language of the statute, then there was not the control in Schmieg and Kotzian prescribed by the statute. It would follow that the transaction was a taxable one and petitioner would get a new base for the determination of gain or loss and depreciation. Has petitioner met the burden of proof on this point to overcome respondent's determination? We think not. Certain facts connected with the transaction are undisputed. Among these are the written offer submitted by the partners to the corporation to convey to it the partnership assets, which recited that the consideration for such conveyance should be the issuance of the entire capital stock of the newly organized corporation to Schmieg and Kotzian, the partners, and the assumption by the corporation of all the partnership liabilities; the resolution of acceptance by the corporation of this offer recites that the corporation shall issue to said partners all of its capital stock in payment for the assets; all the stock was in fact issued to the partners, Schmieg and Kotzian, except three qualifying shares, one of which was issued to Hungate. No other shares were issued in Hungate's name until in April, 1929.

Therefore, under these undisputed facts, we hold that, notwithstanding the verbal agreement which Hungate had with Schmieg and Kotzian in 1923 (described in our findings of fact), the actual

transaction which was put through in January, 1924, was a sale of the assets of the partnership to the newly organized corporation in consideration for the issuance of all the stock to Schmieg and Kotzian. They became the owners of the stock and were in control of the corporation, within the meaning of section 112 (j) of the Revenue Act of 1928. The formal acts of the parties are to be given substantive effect in the determination of tax liabilities. *Minnie C. Brackett, Administratrix*, 19 B. T. A. 1154, affirmed from the bench without opinion by the United States Circuit Court of Appeals for the Seventh Circuit, April 21, 1931; *Ralph J. Chandler Shipbuilding Co.*, 22 B. T. A. 5.

The fact that Schmieg and Kotzian ultimately transferred one-third of the stock to Hungate does not affect the situation. When, after the sale of assets by the partnership to the corporation, the partners, Schmieg and Kotzian, who had received all the stock, transferred some of it to Hungate, they were merely exercising a right of ownership. The situation does not require that the original owners shall *remain* indefinitely in control after the exchange. It is only necessary that the owners of the property transferred shall be *immediately* in control of the corporation to which the transfer of property is made. *Federal Grain Corp.*, 18 B. T. A. 242.

Therefore, on this issue we hold for respondent, and in so doing we do not think we are in conflict with our decision in *Dome Co.*, 26 B. T. A. 967, a case strongly urged by petitioner in behalf of its contention herein. We think the facts in that case are distinguishable from those of the instant case. The parties are in agreement as to how the depreciation shall be computed and at what rate, once the basis has been determined. Our decision disposes of that only remaining question.

Reviewed by the Board.

*Decision will be entered under Rule 50.*